**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 00-60559
Summary Calendar
_____

DEBRA J. HORD,

Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

_____

Appeal from the Decision of the United States Tax Court
(6386-99)
_____

February 28, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Debra J. Hord appeals an Order of the Tax Court granting the motion of Respondent-Appellee Commissioner of Internal Revenue ("Commissioner") to dismiss Hord's petition for lack of jurisdiction. The Order appealed from is based on the Tax Court's factual findings that (1) the Commissioner mailed a notice of deficiency on December 29, 1998 for federal income tax due from Petitioner for 1996, (2) the 90-day period specified in § 6213(a)

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

within which Hord could file a petition for redetermination in the Tax Court expired March 29, 1999, being the last day that Hord could have timely placed her petition in the United States mail, and (3) Hord has failed to prove that her petition was mailed before March 30, 1999. In turn, the Tax Court's determination of the third of these facts is based on its discrete findings that a Postal Service machine stamp on the face of the envelope in which Hord's petition was transmitted is a postmark for purposes of § 7502(a)(1) I.R.C.; that the private postage meter mark reflecting the date of March 29, 1999 is not a postmark and is thus disregarded; that the partial date stamped by the Postal Service's machine on Hord's envelope is March 30, 1999; and that, even in the alternative that the partial date were not a postmark or were deemed illegible and thus not determinative, the extrinsic evidence proffered by Hord in the form of the uncorroborated testimony of her attorney to the effect that the attorney personally delivered the envelope containing the petition to the postal facility at Houston's Bush Intercontinental Airport at "approximately" 11:30 p.m. is insufficiently precise and insufficiently credible to establish a timely mailing of the petition.

## I.

We review the factual findings of the Tax Court for clear error and the legal conclusions of that Court <u>de</u> <u>novo</u>. A painstaking review of the record in this case, including an examination of the exhibits — particularly the envelope on which

2

the partial date is machine stamped — as well as the comprehensive opinion of the Tax Court and the arguments of counsel as set forth in their appellate briefs, satisfies us that the factual findings of the Tax Court are not clearly erroneous and its legal conclusions based on those facts are correct.

## II.

A.   <u>Date of Mailing of the Commissioner's Notice of Deficiency</u>

Hord's first line of defense is a hypertechnical evidentiary assertion that the Commissioner failed to lay a proper foundation or prove authenticity of a certified true copy of the Form 3887 that reflects the mailing of a notice of deficiency to Hord for 1996 taxes on December 29, 1998.  Hord was just one of thirteen taxpayers, the mailing of whose notices of deficiencies was reflected on that form.  In addition to complaints about foundation and authenticity, Hord's evidentiary argument also focuses on the redaction of the names of the other twelve taxpayers from the copy of the Form 3887 before offering it into evidence.  The obvious purpose of the redaction of the other names was to comply with the obligation of the Commissioner to refrain from publishing privileged tax return information about those other twelve taxpayers.

As noted by the Tax Court, counsel for Hord initially indicated no objection to admitting the Form 3887, then had second thoughts because counsel for the Commissioner had not produced a live witness to support the authenticity of the document, but again

3

indicated no objection after counsel for the Commissioner offered to produce a witness to authenticate the document if Hord insisted. It was only in her post-trial brief that counsel for Hord argued that the redactions kept the Form 3887 from being in original condition and reiterated the complaint about failure to lay a proper foundation or prove authenticity. The Tax Court correctly ruled that Hord had waived or forfeited those objections. Under the circumstances, the appellate argument of Hord's counsel regarding the date of mailing the notice of deficiency is not merely specious but approaches sanctionable frivolousness. The Tax Court neither abused its discretion in its evidentiary ruling nor clearly erred in finding that the Commissioner mailed the notice of deficiency to Hord on December 29, 1998.

B.    Date of Mailing of Hord's Petition

We are convinced that the fragmentary date reflected by the machine stamp on Hord's envelope is a shard of the figure 30 and could not possibly be that of the figure 29. Moreover, even if we assume arguendo that the machine stamp is not a postmark for purposes of the applicable provisions of law, thereby opening the door for extrinsic proof by Hord that her petition was mailed on March 29, 1999, we cannot classify as clearly erroneous the Tax Court's conclusion that Hord has failed to bear her burden of proof. Her evidence consists entirely of what the Tax Court called the "implausible and self-serving" testimony of Hord's lawyer, who could not recall the exact time of her delivery of the envelope to

4

the postal facility at Bush Intercontinental Airport and whose testimony the Tax Court found lacking in credibility. Such calls are uniquely the province of the trial court which views the witness's demeanor. From our cold-record vantage point, we are in no position to question the trial court's determination of credibility. With such testimony discarded, Hord's evidence lacks any probative value.

## III.

In conclusion, the factual findings of the Tax Court on which its legal conclusion is grounded are not clearly erroneous, and that Court's legal determinations are unassailable. We therefore affirm the Tax Court's grant of the Commissioner's motion dismissing Hord's petition for redetermination for lack of jurisdiction.

AFFIRMED.